UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DEVALIER DANIELS and<br>JERMAINE EARNEST,<br><br>    Defendants. | Case No. 12-cr-00574-PJH-3, -4<br><br>**REVISED ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL JURY TRIAL** |

Good cause appearing, it is hereby ordered that:

1. TRIAL DATE

    a. Jury trial will begin on June 5, 2018, at 8:30 a.m., in Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, California.

    b. The length of trial will not be more than **24** days. **After jury selection, the court's regular trial schedule is 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks, on Monday, Tuesday, Thursday and Friday, except the week of June 25, 2018, when the court will hold the trial Tuesday through Friday, June 26 through 29, 2018. If the court modifies its regular trial schedule, the parties will be advised at the pretrial conference.**

2. DISCOVERY

Both sides shall comply with the Federal Rules of Criminal Procedure, and the United States shall comply with *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Bagley,* 473 U.S. 667 (1985).

3. PRETRIAL CONFERENCE

    a. A pretrial conference will be held on May 2, 2018, at 1:30 p.m., in

Courtroom 3, 3rd Floor. The attorneys who will try the case shall attend the conference and be prepared to discuss the matters set forth in Criminal Local Rule 17.1-1.

      b.    Not less than 14 days prior to the pretrial conference, counsel shall comply with Crim. L. R. 17.1-1(b) and shall file pretrial statements. Instead of trial briefs, the court requires objections to proposed jury instructions. If a party believes a trial brief is necessary, it should seek leave of court no later than 28 days before the pretrial conference to file one; if leave is granted, the trial brief must be filed 14 days prior to the pretrial conference.

      c.    **The parties shall stipulate to a briefing schedule for the filing of motions in limine and responses, so long as responses are filed no later than 14 days prior to the pretrial conference.** Motions in limine shall be filed and noticed for hearing at the pretrial conference; each motion should address a single topic and all motions shall be contained in a single brief not exceeding 25 pages. The government may file up to five motions in limine. **The court grants defendants' request for leave to file a total of up to 12 motions in limine. The court further grants defendants' request for leave to exceed the standard 25-page limit, up to 35 pages, for a brief containing jointly filed motions in limine. If defendants do not jointly file their motions in limine, each defendant is limited to filing six motions in limine in a single brief, subject to the standard 25-page limit.**

      d.    Not less than **14** days prior to the pretrial conference responses to motions in limine shall be filed. **Any responsive brief may not exceed 25 pages, except for the government's response to defendants' joint brief which is also subject to a 35-page limit.** No replies are permitted unless requested by the court.

      e.    The attached juror questionnaire will be given to the venire members and copies of the responses will be made available to counsel at the beginning of voir dire. Counsel may submit an agreed upon set of any supplemental questions to be posed by the Court or to be added to the questionnaire. Any voir dire questions on which counsel cannot agree may be submitted separately. Counsel will be allowed brief follow-

up voir dire after the Court's questioning. Proposed voir dire questions must be submitted not less than 14 days prior to the date of the pretrial conference.

    f. Jury instructions 1.1 through 1.11, 2.1 through 2.2, 2.11, 3.1 through 3.9, and 7.1 through 7.6 from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition) will be given absent objection. Counsel shall submit a joint set of these instructions along with a joint set of case specific instructions, using the Ninth Circuit Manual where possible. Any instructions on which counsel cannot agree may be submitted separately. Each requested instruction must be typed in full on a separate page with citations to the authority upon which it is based and a reference to the party submitting it. A second blind copy of each instruction, omitting the citation to authority and the reference to the submitting party, must also be filed. An electronic version of the proposed instructions in Microsoft Word format (.doc or .docx) must be emailed to the court's proposed order mailbox: pjhpo@cand.uscourts.gov.

    g. A proposed form of verdict omitting reference to the submitting party shall be filed by each party. Proposed instructions and verdict forms must be submitted not less than 14 days prior to the date of the pretrial conference.

    h. Jury Selection shall proceed as follows: The Jury Commissioner will summon 40 to 50 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called. Voir dire will be conducted of sufficient venire members so that twelve (plus a sufficient number for alternates) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

    The court will then take cause challenges and discuss hardship claims (which were not previously granted) at side bar. The court will inform counsel which hardship claims and cause challenges will be granted, but will not announce those dismissals until the selection process is completed. Peremptory challenges will be made in writing in accordance with Crim. L. R. 24-2 and 24-3. The court will strike at one time those with meritorious hardship claims, those excused for cause, and those challenged

1 peremptorily, and then seat the first twelve people (plus alternates) remaining in
2 numerical order.
3    i. Courtesy copies of all documents shall be provided for chambers at
4 the time of filing.
5   4. NOTICE OF COCONSPIRATOR STATEMENTS
6    a. Legal Standard

In order for a coconspirator statement to be admissible at trial under Federal Rule of Evidence 801(d)(2)(E), the government must show by a preponderance of the evidence that:

(1) the conspiracy existed when the statement was made;

(2) the defendant had knowledge of, and participated in, the conspiracy; and

(3) the statement was made "in furtherance" of the conspiracy.

*United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006), *adopted in relevant part on reh'g en banc*, 495 F.3d 1094, 1096 n.4 (9th Cir. 2007). However, the introduction of coconspirator statements is distinct from the issue of admissibility. That is in part because the court considers all of the evidence, even the defendants' evidence, in making the ultimate admissibility determination. *See* 30B MICHAEL H. GRAHAM, FEDERAL PRACTICE & PROCEDURE, EVIDENCE § 7025, at 303-04 (2011 interim ed.) ("[a]t the conclusion of the presentation of evidence, the trial court on motion must determine on all the evidence including evidence offered by the defendant whether the government has established the requisite foundation") (emphasis added).

It is within the court's discretion to determine the order of proof or the showing, if any, that is appropriate prior to the government's introduction of the coconspirator statements. *United States v. Arbelaez*, 719 F.2d 1453, 1460 (9th Cir. 1983) (concluding that it was not an abuse of discretion for the court to allow the government to introduce coconspirator statements prior to establishing prima facie the existence of a conspiracy). Courts have utilized various approaches regarding the order of proof. One such approach has been the provisional or conditional admission of the statement subject to it

later being "connected up" at "the conclusion of the presentation of evidence," at which time the court must determine whether the government has established the requisite foundation (in this case, as set forth by the Ninth Circuit in *Larson*) to be more probably true than not true. *See* 30B GRAHAM, FEDERAL PRACTICE & PROCEDURE, EVIDENCE § 7025; 4 MUELLER & KIRKPATRICK, FEDERAL EVIDENCE § 8:62 (Procedure for Applying Coconspirator Exception) (4th ed., updated May 2016); *Arbelaez*, 719 F.2d at 1460.

Another approach includes what has essentially been deemed a mini-trial or James hearing in advance of trial at which the court may consider each proffered coconspirator statement and determine whether the government has established the required foundational requirements as to each statement. *See* 30B GRAHAM, FEDERAL PRACTICE & PROCEDURE, EVIDENCE § 7025 (citing *United States v. James,* 590 F.2d 575, 581-82 (5th Cir. 1979), *abrogated in part by Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987) (establishing preponderance of the evidence standard)). In a third approach, which has been deemed the "middle course," the court requires the government to make a preliminary showing or summary of its evidence establishing the predicate facts, while deferring the final decision until the conclusion of the presentation of the evidence. *See* 4 MUELLER & KIRKPATRICK, FEDERAL EVIDENCE § 8:62; *see also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991) (the "preferable procedure would be to at least require the government to preview the evidence which it believes brings the statements within the coconspirator rule before delving into the evidence at trial").

This court adopts the "middle course" on the government's requisite showing prior to introducing the coconspirator statements. In accordance with this approach, the court will preview prior to trial a summary of the coconspirator statements to be offered by the government. Following this preview, the court will determine which statements the government will be permitted to introduce, either through the testimony of a witness or by documentary evidence. Even though the ultimate finding as to admissibility will not be made until after the trial has commenced and perhaps as late as the close of the evidence, the witnesses will be permitted to testify about coconspirator statements and

documents containing such statements will be published to the jury, subject to striking should the government not be able to meet its burden as to all requirements for admissibility. In this sense, the government's introduction of the statements, which will have been previewed and approved by the court, will result in their conditional admission.

The court may at some point during trial, and prior to the close of the evidence, rule on whether the government has shown by a preponderance of the evidence two of the three prongs required for the admissibility of all of the proffered coconspirator statements, including that (1) the conspiracy existed when the statement was made; and (2) that the defendant had knowledge of, and participated in, the conspiracy. *Larson*, 460 F.3d at 1212. The court, however, will not determine until after the witness testifies and/or the documentary evidence containing the particular coconspirator statement is introduced whether or not the government has shown by a preponderance of the evidence that the statement was made "in furtherance" of the conspiracy. *See id.* A coconspirator statement will NOT be unconditionally admitted into evidence until the court has determined that all three *Larson* prongs have been satisfied as to that statement.

        b.        Protocol for Pretrial Disclosure of Coconspirator Statements

The court's protocol requires the government to disclose the following information with a list of the coconspirator statements to be introduced at trial:

(1) the identity of the testifying witness, the declarant of each specific coconspirator statement, and/or the source of the coconspirator statement;

(2) the specific coconspirator statements to be introduced via that witness and/or the source of the conspirator statement;

(3) a statement describing the purported role in, or relationship to, the conspiracy of the witness, declarant and/or the source of the coconspirator statement;

(4) a summary of the evidence showing that the proffering witness, if a coconspirator, knew about and participated in the conspiracy; and

(5) a summary of the evidence showing that each declarant of the coconspirator statement(s) knew about and participated in the conspiracy.

*See, e.g., United States v. Zaragoza*, CR 08-83 PJH, doc. no. 576 (Amended Order for Pretrial Preparation); *United States v. Marr,* CR 14-580 PJH, doc. no. 247 (Pretrial Order No. 5).

The government must also provide particulars of when the proffered statement was made, to establish that it was made during the relevant period*. Larson*, 460 F.3d at 1211 (requiring the government to establish that "the conspiracy existed when the statement was made"). This requirement may be satisfied by providing sufficient detail to determine whether the statements were made in the course of, and in furtherance of, the conspiracy, and does not require the government to identify the exact date and time that the statement was made.

Any objections to the admissibility and/or designation of the coconspirator statements must be filed at least 28 days before the pretrial conference; the government may file a response to the objections at least 14 days before the pretrial conference. **The parties are directed to meet and confer on the deadlines for the government to file the notice of coconspirator statements and for the parties to file briefs on defendants' objections to the noticed coconspirator statements.**

5. OTHER DISCLOSURES

**Within one week of the date of this order, the government shall lodge, not file, with the court a courtesy copy of the list of predicate acts that was provided to defendants in pretrial disclosures.**

**IT IS SO ORDERED.**

Dated: February 2, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

CONFIDENTIAL

JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. This will assist the judge and the lawyers in selecting a jury and will save time for them and for you. Because copies will be made for the attorneys and the judge, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. City in which you reside: _____

4. If you have lived there for fewer than five years, where did you live before: _____

5. Your place of birth: _____

6. Do you rent or own your own home? _____

7. Your marital status: (circle one)

    single    married    separated    divorced    widowed    live with partner

8. What is your occupation and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

    _____
    _____

9. Who is (or was) your employer? _____

10. If you have held this job for fewer than five years, describe your previous job:
    _____

11. Please list the occupations of any adults with whom you live:
    _____

12. If you have children, please list their ages and genders and, if they are employed, please give their occupations.
   _____

13. Please describe your education background:
   Highest grade completed: _____
   College and/or vocational schools you have attended: _____
   _____
   Major areas of study: _____

14. Have you served in the military? _____

15. Have you, any member of your family, or close friend ever been employed by a law enforcement agency? _____

16. Have you ever had jury experience? _____ No. of times? _____
   If yes: State/County Court _____ Federal Court _____
   When? _____
   Was it a civil or criminal case? _____
   Did any of the juries reach a verdict? _____