1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,
                                              Case No.  12-cr-00574-PJH-3,4
8               Plaintiff,

9          v.                                 **ORDER GRANTING DEFENDANTS'
                                              MOTION FOR *DAUBERT* HEARING ON
10   JOHN DEVALIER DANIELS and                GANG EXPERT TESTIMONY**
     JERMAINE EARNEST,
11                                            Re: Doc. No. 305
                Defendant.
12

13

14

            On February 28, 2018, this matter came on for hearing on the motion of
15
     defendants John Devalier Daniels and Jermaine Earnest for an evidentiary hearing to
16
     assess the reliability of Officer Barocio's expert opinions pursuant to *Daubert v. Merrell*
17
     *Dow Pharm., Inc.,* 509 U.S. 579 (1993) and *United States v. Hankey,* 203 F.3d 1160 (9th
18
     Cir. 2000).  Doc. no. 305.  Having considered the relevant legal authority, the parties'
19
     papers, the record and the argument of counsel, the court GRANTS defendants' motion
20
     for a pretrial *Daubert* hearing in the interest of judicial economy and for the purpose of
21
     avoiding unnecessary delay at trial.
22
            Defendants contend that the government's supplemental disclosure supporting the
23
     basis of Officer Barocio's opinions as a gang expert, doc. no. 291, raises several
24
     concerns about the reliability of his opinions: his use of statements from criminal
25
     informants and cooperators raises a risk that his opinions are based on untrustworthy
26
     and unreliable sources; his reliance on testimonial in-custody interviews with suspected
27
     gang members poses the risk of a Confrontation Clause violation under *Crawford v.*
28

1  *Washington,* 541 U.S. 36 (2004); and his reliance on rap videos poses a risk that his

2  opinions about gang activity rest on simplistic and faulty interpretations of rap music.  The

3  court does not find that any of these concerns warrant a pretrial hearing to determine the

4  relevance and reliability of the proffered expert testimony, which has been limited by the

5  court's earlier ruling.  *See United States v. Alatorre,* 222 F.3d 1098, 1102, 1105 (9th Cir.

6  2000).

7  In ruling on defendants' earlier motion to exclude the gang expert testimony, the

8  court significantly narrowed the scope of the gang expert opinions to general

9  characteristics, background, structure and organization of certain Oakland gangs,

10  territories, and commonly used code words.  *See* doc. no. 290 (1/17/2018 minute order).

11  Given Officer Barocio's experience in law enforcement and gang investigations for over

12  10 years, as summarized in the supplemental disclosure, the general nature of his

13  proffered opinions does not pose a substantial likelihood that potentially prejudicial

14  testimony would be presented, and subsequently found inadmissible, when the

15  government attempts to qualify him on the stand.  The proffered gang expert testimony,

16  as limited by the court, does not include opinions about specific transactions, specific

17  individuals, or specific events that would be susceptible to the concerns about the

18  expert's unfamiliarity with unique code words that were used for specific transactions, as

19  in *United States v. Hermanek*, 289 F.3d 1076 (9th Cir. 2002).  Nor do these general

20  opinions present a substantial risk of a missing nexus between any particular opinion and

21  Officer Barocio's knowledge and experience, such that Officer Barocio's expert testimony

22  would merely repeat or transmit hearsay rather than provide opinions that are "distilled

23  and synthesized" from his experience investigating gangs.  *United States v. Vera,* 770

24  F.3d 1232, 1237-39 (9th Cir. 2014).  *Cf. Hermanek*, 289 F.3d at 1095 ("Without a link

25  between [the expert's] knowledge and the particular matter he interpreted, 'there is simply

26  too great an analytical gap between the data and the opinion proffered.'") (quoting *Gen.*

27  *Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).  Officer Barocio's proffered opinions, on

28  their face, are not likely to repeat hearsay or rely on a single unreliable source.  In

1    particular, he offers an opinion that gang members express themselves through rap

2    music and videos.  In light of the record demonstrating that Officer Barocio has reviewed

3    dozens of music videos featuring gang members, this opinion that rap music and videos

4    are forms of expression does not purport to rely solely on the content of those lyrics and

5    videos.  Doc. no. 276, Ex. 2 (under seal).

6         Although defendants have not identified substantial concerns about the reliability

7    of the gang expert opinions that would warrant a separate *Daubert* hearing, the court

8    determines that the public interest in efficient use of judicial resources would be served

9    by conducting a pretrial hearing to determine whether Officer Barocio is qualified to testify

10    as an expert pursuant to *Daubert* and Federal Rules of Evidence 104(a) and 702*.*  As

11    defendants point out, Officer Barocio has not previously been qualified as a gang expert

12    at trial and defendants expect to question him at length about the bases of his opinions;

13    by holding the *Daubert* hearing before trial, the court will more efficiently determine his

14    qualifications outside the jury's presence, will optimize use of the jurors' time in court, and

15    will avoid unnecessary delay.

16         Accordingly, the court GRANTS defendants' motion for a *Daubert* hearing solely

17    on the ground that a pretrial hearing will serve the interests of judicial economy and avoid

18    unnecessary delay, subject to the condition that if the court conducts a pretrial hearing

19    and determines that Officer Barocio is qualified as an expert, the court will not allow

20    further voir dire challenging his expert qualification at trial.  If defendants elect to proceed

21    with a pretrial *Daubert* hearing subject to this condition, the parties must meet and confer

22    and file a stipulation to set the matter on the court's calendar on either **March 23, 2018,**

23    **or March 29, 2018, at 9:00 a.m., for no longer than 4 hours.**

24         **IT IS SO ORDERED.**

25    Dated: March 6, 2018

26

27                         PHYLLIS J. HAMILTON
                             United States District Judge

28

3