1
2
3
4       UNITED STATES DISTRICT COURT
5       NORTHERN DISTRICT OF CALIFORNIA
6

7    UNITED STATES OF AMERICA,                    Case No.  12-cr-00574-PJH-3,4
8                  Plaintiff,

9            v.                                   **ORDER SETTING DEADLINE TO
                                                  RESPOND TO DEFENDANTS'
10   JOHN DEVALIER DANIELS and                    APPLICATION FOR ISSUANCE OF
     JERMAINE EARNEST,                            SUBPOENAS**
11
                   Defendants.                    Re: Doc. No. 348
12

13

14          On March 22, 2018, defendants John Devalier Daniels and Jermaine Earnest filed

15   an ex parte application for issuance of subpoenas seeking personnel or complaint

16   records of state law enforcement officers designated as government trial witnesses,

17   pursuant to Federal Rule of Criminal Procedure 17, Criminal Local Rule 17-2, and

18   General Order 69.  Doc. no. 348.  As defendants have provided notice to the government

19   of this Rule 17(c) application, as required by General Order 69, the subpoenas for the

20   requested third party records are not sought on an ex parte basis.  Given that defendants

21   are entitled to disclosure of materials bearing upon the credibility of the testifying officers

22   pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Henthorn*,

23   931 F.2d 29 (9th Cir. 1991), the government is directed to file a response to the Rule

24   17(c) application to address the following questions:

25          (1) has the government obtained and reviewed some or all of the state records

26   sought by defendants, and if only some of the records have been obtained, which

27   records?

28          (2) can the government produce the responsive materials to the defense, subject

1  to a protective order, within a 14-day period?

2       (3) will the government narrow its list of 86 potential witnesses so as to limit the

3  scope of relevant impeachment material?

4       To the extent that the government has obtained the relevant complaint and

5  personnel records, the requested materials are subject to the government's obligations to

6  produce exculpatory evidence as well as information that could be used to impeach

7  government witnesses.  However, if the government represents that it has not obtained

8  all the requested materials and is not timely prepared to produce the responsive

9  documents to the defense, the court will authorize issuance of the subpoenas on the third

10  parties for production of the materials not produced by the government.  In either event,

11  the court will require the government to provide an amended witness list well in advance

12  of the pretrial conference filing deadlines, in order to avoid unnecessary delay in these

13  proceedings and any unwarranted burden on the state law enforcement agencies that

14  would be imposed by requiring production of materials relevant to all 86 potential

15  witnesses.  In particular, the proposed subpoena for production of relevant complaint and

16  personnel files for 75 members of the Oakland Police Department, to be produced within

17  14 days of service of the subpoena, would be, on its face, unduly burdensome on that

18  agency and would require a reasonable basis to narrow the request for production.

19       The government shall file its response by no later than **12:00 noon, March 27,**

20  **2018**.

21       **IT IS SO ORDERED.**

22  Dated: March 23, 2018

23  _____

24  PHYLLIS J. HAMILTON
United States District Judge

25

26

27

28

2