UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHN DEVALIER DANIELS,<br>Defendant. | Case No. 12-cr-00574-PJH-3<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 482 |

Before the court is the motion of defendant John Devalier Daniels, appearing pro se, for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. For the reasons set forth below, the court orders the government to show cause why relief should not be granted on Ground Three of the § 2255 motion.

**BACKGROUND**

Daniels is currently serving a sentence imposed by this court. On June 18, 2015, a grand jury returned a 27-count superseding indictment charging Daniels and three codefendants with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One), which was initially charged against two of the codefendants in the original 23-count indictment filed July 19, 2012. The superseding indictment also charged Daniels and the third codefendant with murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (Count 24); use of a firearm in furtherance of a crime of violence causing death in violation of 18 U.S.C. § 924(j)(1) (Count 25); and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 26).

The two initial codefendants entered into plea agreements and were convicted and sentenced on March 6, 2018. A second superseding indictment was filed January 25,

2018, against defendant Daniels and his remaining codefendant which charged Daniels with the same substantive offenses charged against them in the first superseding indictment. On May 2, 2018, Daniels's codefendant entered a change of plea pursuant to a written plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The court proceeded with a pretrial conference only as to Daniels and issued written rulings on the disputed pretrial matters on May 4, 2018.

On May 7, 2018, Daniels entered a plea of guilty to the racketeering conspiracy charged in Count One of the Second Superseding Indictment pursuant to a Rule 11(c)(1)(C) plea agreement. Dkt. no. 410 ("Plea Agr."). On September 5, 2018, the court sentenced Daniels to a term of imprisonment of 168 months; 5 years of supervised release; a $100 special assessment; and $3,069.00 in restitution, jointly and severally with his codefendant. The remaining counts against Daniels were dismissed on the government's motion.

On September 3, 2019, Daniels, appearing pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255, the court proceeds with a preliminary review of the § 2255 motion.

**ISSUES PRESENTED**

Defendant asserts the following grounds for relief pursuant to § 2255: (1) the sentence is based on a miscalculated guideline range that incorrectly assigned criminal history points to prior convictions that formed part of the pattern of racketeering underlying the RICO offense; (2) the judgment fails to reflect the time served on the predicate acts under RICO which were part of the same course of conduct; (3) counsel provided ineffective assistance by failing to challenge the sentence that counted the prior convictions for predicate acts in the criminal history calculation, failing to apply the time served on the predicate offenses toward the sentence on the offense of conviction, and failing to offer Daniels's psychiatric history in mitigation.

2

**DISCUSSION**

I.  **Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

The Sixth Amendment right to counsel guarantees effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A successful claim of ineffective assistance has two components. First, a defendant must show that counsel's performance was deficient. *Id.* at 687. Deficient performance is representation that falls below an objective standard of reasonableness. *Id.* at 688. Second, having established deficient performance, the defendant must show he was prejudiced by counsel's errors; that is, there must be a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

In order to demonstrate deficient performance, a habeas petitioner is required to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. The relevant query is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at

3

1 689.

## II. Initial Review

The court conducts a preliminary review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government. A district court must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

### A. Challenges to Sentence Determination

Daniels challenges the length of his sentence on two separate grounds. First, he claims that his sentence is based upon a miscalculated guideline range by counting three prior convictions toward his criminal history score under U.S.S.G. § 4A1.1, which he argues should not have been considered in calculating criminal history points because those prior convictions were part of the pattern of racketeering activity underlying the racketeering conspiracy charge for which he was convicted and sentenced (Ground One). Second, Daniels claims that the prison time he served on the prior offenses should have been credited toward the term of imprisonment on his RICO conviction because the prior convictions were for predicate offenses that were part of the pattern of racketeering (Ground Two). Both of these challenges to the length of the sentence were waived by the plea agreement, in which Daniels agreed "not to file any collateral attack on my conviction or sentence . . . except that I reserve my right to claim that my counsel was ineffective." Plea Agr. ¶ 5. To the extent that Daniels claims that counsel failed to raise either of these challenges to the sentencing determination, those arguments support his claim of ineffective assistance of counsel, as discussed below. However, Grounds One and Two challenging the sentence based on alleged errors in guideline calculation and failure to credit time served on prior offenses are DISMISSED as waived pursuant to the plea agreement.

### B. Ineffective Assistance of Counsel Claims

In Ground Three of the § 2255 motion, Daniels claims that his attorney provided ineffective assistance of counsel on the following grounds: (1) counsel knew, or should have known, that the prior convictions for predicate offenses that were part of the same course of conduct underlying the RICO conviction should not have been counted in the criminal history calculation; (2) counsel knew, or should have known, that the prison time served on the predicate offenses could have been applied toward the sentence on the RICO conviction because they were part of the same course of conduct; and (3) counsel knew, or should have known, to offer Daniels's psychiatric history in mitigation but failed to do so. Liberally construed, these claims of ineffective assistance of counsel appear colorable under 28 U.S.C. § 2255 and merit an answer from the government.

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. Grounds One and Two of the § 2255 motion are DISMISSED.

2. The government shall file with the court and serve on Daniels, within 49 days of the date of this order, (a) a transcript of the September 5, 2018, sentencing hearing; and (b) an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" on Daniels's claims of ineffective assistance of counsel.

3. If Daniels wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the government within 35 days of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: November 15, 2019

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge