UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JOHN DEVALIER DANIELS,<br>　　　　Defendant. | Case No. 12-cr-00574-PJH-3<br><br>**ORDER DENYING RULE 60 MOTION**<br>Re: Dkt. No. 512 |

Petitioner in this habeas case has filed a motion under Rule 60(b) for relief from the judgment denying his § 2255 petition.  See Dkt. 512.  The court directed the government to file a response, which it did, and allowed petitioner to file a reply, which he did not.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

Petitioner John Devalier Daniels pled guilty to one count of racketeering conspiracy on May 7, 2018.  On September 5, 2018, he was sentenced to 168 months imprisonment to be followed by five years of supervised release.  See Dkt. 446.

On September 3, 2019, Daniels filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  See Dkt. 482.  The motion presented three grounds for relief:

(1) the sentence was based on a miscalculated Guideline range,

(2) the prior convictions were part of the same course of conduct as his instant conviction and any time served should have been credited toward his current sentence, and

(3) his attorney at sentencing (Mark Goldrosen) should have challenged the sentence based on (1) and (2), and also should have offered Daniels's psychiatric history in mitigation, and the failure to do so constituted ineffective assistance of counsel.

The court held that claims (1) and (2) were waived by the plea agreement, but let

claim (3) go forward. See Dkt. 488. The court ultimately denied the § 2255 petition, holding that "defense counsel's alleged failure to challenge this criminal history calculation does not amount to deficient performance," and that "defense counsel's alleged failure to seek credit for time served on the prior state robbery convictions did not amount to deficient performance." Dkt. 510 at 7, 8. The court further concluded that defense counsel did actually present evidence of psychological history for mitigation purposes, and the court weighed those mitigating factors when imposing its low-end Guideline sentence. Id. at 9.

On December 11, 2020, Daniels filed the present pro se motion for relief from § 2255 judgment. Dkt. 512. Daniels's motion is premised on Rule 60(b)(4), that the judgment is void. The motion makes two arguments.

First, Daniels argues that his attorney during sentencing (Mark Goldrosen) "refused to appeal after being asked to do so."

Second, Daniels argues that, during the habeas proceedings, attorney Richard Mazer "represented to Daniels that he (Mazer) would prepare and file a reply after taking a look at notes and citations Daniels had compiled," but ultimately "filed those notes as the reply without any modification." Dkt. 512 at 6. Daniels argues that Mazer "misled" Daniels, who "reasonably believed that Mazer would be representing him at least insofar as the professional production of the reply and any other needed filings." Id. at 7.

**DISCUSSION**

A.  Legal Standard

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one

year after the judgment was entered. See Fed. R. Civ. P. 60(b). A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation, see id.; therefore, a party is not relieved of its obligation to comply with the court's orders simply by filing a Rule 60(b) motion. See Hook v. Arizona Dep't of Corrections, 107 F.3d 1397, 1404 (9th Cir. 1997).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge. Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1099 (9th Cir. 2006) (denying reconsideration to a party who had settled and then discovered that her attorney had made legal errors in advising her to settle).

A Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. Gonzalez v. Crosby, 545 U.S. 524, 537-38 (2005); see also United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) (same for § 2255 petitions). If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute and rules. Id. at 533. Accordingly, a motion that challenges only the district court's failure to reach the merits does not warrant treatment as a successive habeas petition and can therefore be ruled

upon by the district court without precertification by the court of appeals pursuant to § 2244(b)(3). Id. at 538; see, e.g., Hall v. Haws, 861 F.3d 977, 985-86 (9th Cir. 2017) (Rule 60(b) motion that sought relief from dismissal of habeas petition for failing to comply with court's order to deal with unexhausted claim was a true Rule 60(b) motion rather than a second or successive petition because the judgment from which relief was sought was not a non-merits based ruling, and the motion argued only about the circumstances to support setting aside the earlier dismissal rather than any substantive ground to set aside the conviction); Butz v. Mendoza-Powers, 474 F.3d 1193 (9th Cir. 2007) (dismissal of prior petition for failure to prosecute, including failure to pay the filing fee, not a decision on the merits; Rule 60(b) motion may be filed without permission); Gonzalez, 545 U.S. at 527-38 (because petitioner's Rule 60(b) motion challenged only the district court's previous ruling on AEDPA's statute of limitations, it is not the equivalent of a successive habeas petition and should be evaluated under rules governing Rule 60(b) motions);

     A Rule 60(b) motion that contains one or more "claims," i.e., an asserted basis for relief from a state court's judgment of conviction, is, if not in substance a successive habeas petition, at least similar enough that failing to subject it to the same requirements would be inconsistent with the habeas statute. Gonzalez, 545 U.S. at 530-31; see also United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011).

     In most cases, determining whether a Rule 60(b) motion advances one or more "claims," and therefore should be treated as a successive habeas petition, will be relatively simple. Gonzalez, 545 U.S. at 532. A motion that seeks to add a new ground for relief will of course qualify. Id. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. Id.; see also Allen v. Ornoski, 435 F.3d 946, 957 (9th Cir. 2006) (in most cases, a Rule 60(b) motion should be treated as a successive habeas petition if the

factual predicate for the motion also states a claim for a successive petition under 28 U.S.C. § 2244(b)).[1]  This rule applies even if the appeal of the federal district court's previous resolution on the merits is still pending.  See Balbuena v. Sullivan, 970 F.3d 1176, 1194 (9th Cir. 2020) ((although petitioner's appeal was still pending when petitioner filed a Rule 60(b) motion, the Rule 60(b) motion was a disguised second or successive petition) (applying Banister v. Davis, 140 S. Ct. 1698 (2020).

But as noted earlier, that is not the case when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.  Gonzalez, 545 U.S. at 532.  For example, motions that allege fraud on the federal habeas corpus court, or allege a prior ruling which prevented a merits determination—i.e., a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar—was in error are properly brought under Rule 60(b).  Jones v. Ryan, 733 F.3d 825, 834 (9th Cir. 2013), cert. denied, 571 U.S. 984 (2013); see also Pizzuto v. Ramirez, 783 F.3d 1171, 1176 (9th Cir. 2015) (finding petitioner's arguments were properly made under Rule 60(b), including arguments that claims had been improperly held procedurally defaulted and that state's lawyers perpetrated fraud on federal district court).

B.    Legal Analysis

Daniels raises two arguments in his pro se motion for relief from § 2255 judgment.  First, he argues that his habeas petition repeatedly made the argument that his sentencing counsel (Mark Goldrosen) "refused to file an appeal after explicitly told to do so," and that the court did not address the argument or rule upon it.  Daniels concedes

---

[1] A motion that "does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably'" takes it "outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions."  Jones v. Ryan, 733 F.3d 825, 834 (9th Cir. 2013) (affirming district court's dismissal of Rule 60(b) motion because it was a "disguised" § 2254 habeas corpus petition) (quoting Gonzalez v. Crosby, 545 U.S. at 532 n.5).  Furthermore, ineffective-assistance-of-trial-counsel claims fail as a basis for Rule 60(b) motion because "an attack based on . . . counsel's omissions. . . ordinarily does not go to the integrity of the proceedings."  Id.

5

that the 'refusal to appeal' argument was not listed as a separate ground in his habeas petition, but argues the court should "liberally construe" his pleadings.

Second, Daniels argues that attorney Richard Mazer "represented to Daniels that he (Mazer) would prepare and file a reply after taking a look at notes and citations Daniels had compiled." Dkt. 512 at 6. Daniels argues that, "[i]nstead, Mazer electronically filed those notes as the reply without any modification."

As to the first argument, the government responds that the failure to appeal was not one of the three grounds that Daniels asserted in his § 2255 motion, and that Daniels admits that it was "not listed as an independent ground." Dkt. 520 at 6 (citing Dkt. 512 at 5). The government further points out that Daniels did not clarify or raise the alleged refusal to appeal as an additional ground in his reply. The government thus argues that, to allow Daniels to raise this argument now would constitute raising "a new ground for relief" not present in his § 2255 motion.

In support of its argument, the government cites United States v. Washington, 653 F.3d 1057 (9th Cir. 2011). In Washington, a pro se habeas petitioner filed a Rule 60 motion arguing that the district court did not rule on all issues presented by his § 2255 petition, but the Ninth Circuit rejected that effort and found that petitioner's Rule 60 motion was a "disguised § 2255 motion." Id. at 1064. The Ninth Circuit held that petitioner's argument that the district court "failed to make detailed rulings on each of [his] claims" did not "constitute an allegation of a defect in the integrity of the proceedings; rather, such arguments are merely asking 'for a second chance to have the merits determined favorably.'" Id. (citing Gonzalez, 545 U.S. at 532 n.5).

The court agrees that Washington governs here, and that Daniels's argument regarding the failure to appeal is asking for a second chance to have the merits determined favorably, and thus it must be rejected as a disguised second or successive petition.

As to Daniels's second argument, the government argues that habeas petitioners have no right to counsel when pursuing a § 2255 petition, and that even if Daniels did

6

believe he was represented by Mazer, an attack on his habeas counsel's omission would not justify Rule 60 relief under Gonzalez.  Specifically, the government cites Gonzalez for the proposition that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."  545 U.S. at 532 n.5.

The court concludes that Daniels's second argument is an attack based on the conduct of his counsel (or purported counsel), and thus should be treated as a second or successive petition requiring certification by the court of appeals.

## CONCLUSION

For the foregoing reasons, the Rule 60 motion (Dkt. 512) is DENIED.

**IT IS SO ORDERED.**

Dated:  August 20, 2021

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge